UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABN AMRO MORTGAGE GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:04-cv-956-SEB-JPG |
| vs. ) | |
| ) | |
| PROMISED LANDMORTGAGE, LLC, et. al, ) | |
| ) | |
| Defendant. ) | |

## ORDER OVERRULING OBJECTION BY FIDELITY NATIONAL TITLE INSURANCE TO MAGISTRATE JUDGE'S ORDER OF JANUARY 8, 2007

Magistrate Judge Godich entered an order on January 8, 2007, granting in part and denying in part Defendants' motion to compel discovery. Thereafter, various Defendants have reached settlements with Plaintiff and no longer are a part of this action.

The only remaining Defendant out of those who initially objected to the rulings by the Magistrate Judge is Fidelity National Title Insurance Company ("Fidelity") and the only objections Fidelity now interposes relate to the non-disclosure of three documents: 1) two 2-page investigation reports, each relating to the two separate loans (the "Russell" loan and the "Walton" loan) on the basis of which Plaintiff bases its breach of contract claims against Fidelity; 2) an executive summary report (consisting of 2 pages); and 3) a broker investigation report (consisting of one paragraph).

Our review proceeds in accordance with the requirements of FED. R. CIV. P. 72(a) which provides, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." This standard requires a showing of "clear error," which means "the district court

1

can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); 28 U.S.C. § 636(b)(1)(A).  Issues not raised before the Magistrate Judge cannot be raised for the first time before the District Court.  In re Fedex Groud Package System, 2007 WL 1109115 (N.D. Ind.).

All of the documents sought by Fidelity had their origin in Plaintiff's Quality Assurance Department and were, more specifically, maintained in the Access database and further were created during the course of its investigation into mortgage loans generated by co-defendant Romero Brice and related entities.  ABN AMRO ("ABN") has asserted both an attorney client privilege and work product immunity in resisting production of the requested documents.

The Magistrate Judge ordered Plaintiff ABN to produce a redacted version of the QA Master Spreadsheet, ruling that, though the information on the spreadsheet was prepared in anticipation of litigation, Fidelity had established a substantial need for the information, with the exception of the last four categories of information on the Spreadsheet which reflected mental impressions, conclusions or legal theories of an attorney or other representative and thus should be redacted.. (Page 8 of MJ Order)   Fidelity objects to the redaction and reasserts its request for the two 2-page investigative reports.

Regarding the executive summary, the Magistrate Judge ruled that it was protected from disclosure by the attorney client privilege and under work product immunity in that it was prepared by counsel and directed to management and provided advice on whether to initiate litigation.  As such, it reflects attorney opinions which need not be produced.

Finally, concerning the broker investigation report (a one paragraph document), after

2

reviewing it in camera, the Magistrate Judge concluded that it contained conclusions, analyses and mental impressions and was prepared in anticipation of litigation by Plaintiff's QA department and given to legal counsel for purposes of conducting legal analysis.  Accordingly, disclosure was not required.  While there was an issue of waiver of the attorney client privilege because of disclosures made to persons other than Plaintiff's attorneys, the work product doctrine nonetheless clearly applied, according to the Magistrate Judge's findings.

After careful review of the submissions by the parties in connection with Fidelity's Objection, as well as a consideration of the rulings issued by the Magistrate Judge, we find no basis on which to conclude that those rulings were clearly in error or that any mistake was made.  In fact, we find them to be correct in all respects.  Fidelity's arguments in support of its Objection to the Magistrate Judge's Order are essentially reassertions of its prior arguments, without any additional showing that the Magistrate Judge misapprehended the situation or reached improper or erroneous conclusions.  Our judgment is reinforced in light of the supplemental information supplied by ABN indicating that the references in these challenged documents to Fidelity or Corbin, its broker, or the two borrowers, Russell and Walton, are extremely few in number and of little or no consequence in substance when considered in light of the claims made by ABN in this litigation against Fidelity.  The Magistrate Judge provided a thorough, thoughtful analysis and discussion of the issues raised in the Motion to Compel and this judge finds nothing lacking or erroneous therein.

Accordingly, the Objection to the Magistrate Judge's Order of January 8, 2007, on Motion

to Compel is hereby **OVERRULED**.

Date: 07/06/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Tracy Nicole Betz
SOMMER BARNARD ATTORNEYS
tbetz@sommerbarnard.com

Gregory H. Coleman
CLARK COLEMAN & FREEMAN
ccfnattys@aol.com

Timothy L. Corbin
margaretcorbin@sbcglobal.net

Dale W. Eikenberry
WOODEN & MCLAUGHLIN LLP
deikenberry@woodmaclaw.com

Shawna Meyer Eikenberry
BAKER & DANIELS
shawna.eikenberry@bakerd.com

Kathleen I. Hart
BOSE MCKINNEY & EVANS, LLP
khart@boselaw.com

Christine Kaye Jacobson
WOODEN & MCLAUGHLIN LLP
cjacobson@woodmaclaw.com

Andrew Todd Kight
SOMMER BARNARD ATTORNEYS, PC
akight@sommerbarnard.com

Tammy Lynn Ortman
HARRISON & MOBERLY
tortman@h-mlaw.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Fred Anthony Paganelli
SOMMER BARNARD ATTORNEYS, PC
paganelli@sommerbarnard.com

Mark A. Voigtmann
BAKER & DANIELS
mvoigtmann@bakerdaniels.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com

A. Donald Wiles II
HARRISON & MOBERLY
dwiles@h-mlaw.com

Carina M. de la Torre
BOSE MCKINNEY & EVANS, LLP
cdelatorre@boselaw.com